GREELEY STATE BANK, APPELLEE, v. THOMAS H. LINE, APPELLANT, ET AL.

FILED JANUARY 19, 1897. No. 6722.

1. **Mortgages:** EVIDENCE OF EXECUTION. A real estate mortgage duly witnessed and acknowledged is of itself *prima facie* evidence that the mortgagor signed said mortgage.

2. ——: EQUITABLE ASSIGNMENT OF NOTE: INDORSEMENT. An equitable assignment of a negotiable promissory note, secured by a mortgage, may be made by a sale and delivery thereof by the person to whose order the note is payable, without an indorsement of the note or a formal assignment in writing of the mortgage or note; and such purchaser may maintain an action in his own name to foreclose said mortgage.

APPEAL from the district court of Hamilton county. Heard below before BATES, J. *Affirmed.*

*Whitmore & Carr* and *Howard M. Kellogg,* for appellant.

References: 1 Daniels, Negotiable Instruments, sec. 812; 1 Randolph, Commercial Paper, sec. 13; Tiedeman, Real Property, sec. 328; 15 Am. & Eng. Ency. Law, 843, 849; *Richards v. Kountze,* 4 Neb., 200; *Daniels v. Densmore,* 32 Neb., 40.

*J. R. Hanna, contra.*

RAGAN, C.

The Greeley State Bank brought this suit in the district court of Hamilton county against Thomas H. Line and wife. In its petition the bank alleged that on the 22d day of July, 1889, Line made and delivered to the Capital Loan & Investment Company, a corporation, a promissory note payable to the order of such corporation and due six years after date, together with interest thereon; and on the same date, to secure the payment of said note, Line and his wife executed and delivered to said corporation a mortgage upon certain real estate in Hamilton county; that before the maturity of such note, and for a valuable

consideration, in the ordinary course of business, such corporation sold and assigned said note and mortgage to it, the bank; that the bank was the owner and holder of the note and mortgage, and that no part of the same had been paid and that default had been made in the payment of the interest reserved, whereby the whole debt had become due. There was the usual prayer for an accounting and a decree of foreclosure. The answer of Line to this petition was a general denial. The district court rendered a decree as prayed and Line has appealed.

1. The appeal presents the question of the sufficiency of the evidence to sustain the decree. The argument that the decree is not sustained by sufficient evidence is directed to two issues. First—It is insisted that the evidence upon which the district court acted was insufficient to justify its finding that Line executed the note and mortgage. This contention does not merit serious consideration. Line offered no evidence on the trial of the action, and while no one testified for the bank that the signature on the note and mortgage was Line's, the court had before it certain letters written by Line to the bank in reference to the note and mortgage in suit, and we think the court was justified in finding from these letters alone that Line had executed the note and mortgage. The note which the mortgage was given to secure was described in the mortgage, and the latter was duly witnessed and acknowledged. The mortgage, having been witnessed and acknowledged, was of itself evidence that it had been executed by Line. It was not conclusive evidence of that fact, but it was sufficient, in the absence of any evidence on the part of Line that he did not execute it, to justify a finding that he had.

2. The second contention is that the finding of the district court that the Capital Loan & Investment Company sold and assigned the note and mortgage in suit to the bank has no evidence to support it. The cashier of the bank testified that the bank was the owner of the note and mortgage, and that it purchased it before due. The

bank produced on the trial the note and the mortgage and put them in evidence. The note was not indorsed by the Capital Loan & Investment Company, the original payee thereof, nor was there before the court any competent evidence that the investment company had ever made and delivered to the bank an assignment in writing of the note or mortgage. We have, then, the question whether the owner and holder of a negotiable promissory note secured by a mortgage, to whom they have been delivered by the original payee thereof without an indorsement of the note or an assignment in writing of the note or mortgage, may maintain an action to foreclose.

Our Code of Civil Procedure, section 29, provides that every action must be prosecuted in the name of the real party in interest, except in certain cases not material here.

In *Nelson v. Ferris*, 30 Mich., 497, it was held that one who purchased a note secured by a mortgage, and took no legal transfer by indorsement of the note or written assignment of the mortgage, acquired only an equitable interest in the mortgage and note, but that such interest would enable him to deal with the mortgage and note for all "beneficial purposes."

In *Haescig v. Brown*, 34 Mich., 502, a husband owned a note payable to his order, secured by a real estate mortgage. In satisfaction of a claim of the wife, he delivered her this note and mortgage without an indorsement of the note or an assignment of the mortgage. Subsequently the husband formally assigned in writing, but without delivery, this note and mortgage to a third party. The mortgagor, with notice of the assignment, paid the mortgage debt in full to the wife, and then instituted an action to enjoin the husband's assignee from prosecuting a suit to foreclose under the formal assignment. The court held that he was entitled to maintain the action and held, in effect, that the delivery of the note and mortgage, unindorsed and unassigned, by the husband to the wife vested in the latter the equitable title to the same.

In *Baker v. Armstrong*, 57 Ind., 189, it was held that a married woman, with the consent of her husband, might make an equitable assignment of a note and mortgage executed to her by a sale and a mere delivery of the same to another.    To the same effect see *Andrews v. Powers*, 35 Wis., 644; *Kamena v. Huelbig*, 23 N. J. Eq., 78; *Strause v. Josephthal*, 77 N. Y., 622.

In *Younker v. Martin*, 18 Ia., 143, it was held that the holder without indorsement of a promissory note, payable to the order of the payee, might maintain an action thereon in his own name.    Dillon, J., speaking for the court, said: "Notes are choses in action; that is, things which must be recovered by action at law, and, like all other things in action, they may be assigned and the title will pass without indorsement."

In *Crain v. Paine*, 4 Cush. [Mass.], 483, the owner of a note, payable to his order and secured by a mortgage, sold and delivered the note and mortgage to a third party without indorsing the note or making any written assignment of the note or mortgage, and the court held that such third party by the transaction became the equitable owner of the note and mortgage, and was entitled to maintain an action.

In *Willard v. Moies*, 30 Mo., 142, the court held that "no written assignment of a promissory note is necessary in order to entitle the holder to sue thereon in his own name."

From these authorities we conclude that an equitable assignment of a negotiable promissory note secured by a mortgage may be made by a sale and delivery of them, or the note, by the person to whose order the note is payable, without an indorsement of the note or formal assignment in writing of the mortgage or note; and that such purchaser may maintain an action in his own name to foreclose such mortgage.    Applying this rule to the case at bar, the finding of the district court that the bank was the owner and holder of the mortgage in suit was supported by sufficient competent evidence and was correct.

It was not necessary that the bank should produce an indorsement of the note from the original payee thereof, nor a formal assignment in writing from such payee to it of the note or mortgage. When the evidence disclosed that the bank purchased the note and mortgage; that they were delivered to it; that it was the owner of them and that the note was due and unpaid, it was entitled to the decree it prayed for. The judgment of the district court is

AFFIRMED.