T. N. HARTZELL V. A. C. McCLURG ET AL.

54  313
54  317
54  462
55   61

FILED MARCH 17, 1898.    No. 7889.

1. Action on Note: PETITION.  A petition in a suit upon a promissory note, made a part of the petition, which alleges that the defendant executed and delivered the note to the plaintiff, that such note is wholly due and payable, and that the defendant wholly neglects to pay the same, or any part thereof, states a cause of action.

2. ———: ———.  It is not essential to such a petition that it negative the payment of the note by a stranger thereto.

3. Construction of Pleadings.  The allegations of every pleading are to be liberally construed.  (Code of Civil Procedure, sec. 121.)

4. Parties in Appellate Court: PLEADING.  The fact that the parties made plaintiffs in the district court are different from those named in the summons issued by the justice of the peace affords no reason for striking off the petition filed in the district court.

5. Pleading and Proof.  Every material allegation of a petition not denied by answer, except allegations of value or amount of damage, stands confessed by the defendant and need not be proved by the plaintiff.  (Code of Civil Procedure, sec. 134.)

ERROR from the district court of Buffalo county.  Tried below before SINCLAIR, J.  *Affirmed.*

*Dryden & Main,* for plaintiff in error.

*Calkins & Pratt, contra.*

RAGAN, C.

T. N. Hartzell has filed a petition in error in this court to review a judgment of the district court of Buffalo county recovered against him in favor of A. C. McClurg and others on a promissory note.

1. The first argument is that the petition does not state a cause of action.  The petition alleges that the plaintiffs are partners doing business under the firm name of A. C. McClurg & Co.; that on April 19, 1894, for a valuable consideration, Hartzell executed and delivered to plaintiffs his promissory note in writing, wherein and whereby he promised to pay to plaintiffs' order the sum

of $150 September 1, 1894, with interest thereon from date until paid; that said note is wholly due and payable, and defendant wholly neglects to pay the same or any part thereof. Wherefore plaintiffs demand judgment against said defendant, etc. The argument that the petition does not state a cause of action is that it does not expressly aver what amount is due on the note; that any amount is due to the plaintiffs from the defendant on the note; that it does not expressly allege that the note is unpaid. We think, however, the petition states a cause of action. The averments of the petition sufficiently show the making of a contract and its breach. It is said by counsel for the plaintiff in error that the petition does not negative the possibility that the note might have been paid by some party other than the maker. This is true, but a petition does not need to negative such a possibility. If the note had been paid by the maker or any other person, that was affirmative matter of defense. (*Ashland Land & Live Stock Co. v. May,* 51 Neb. 474, and cases there cited.) But it is insisted that the petition is to be construed most strongly against the pleader. Assuming this argument to be correct the pleading is not to be given an unreasonable construction, and such a construction as requires it to negative the payment of the note sued upon by any person whomsoever. But the petition is not to be strictly construed, for section 121 of the Code of Civil Procedure requires the court in the construction of every pleading to give the averments thereof a liberal construction for the purpose of determining its effects and with a view to promoting substantial justice between the parties litigant. The contention of counsel that the petition does not state a cause of action because it does not expressly allege nonpayment is supported by *Schroufe v. Clay,* 11 Pac. Rep. [Cal.] 882, but we decline to follow that case.

2. This suit was originally brought before a justice of the peace, and after McClurg and others had filed their petition in the district court Hartzell moved that court

to strike the petition from the files for the reason that the plaintiffs in the district court were different from the plaintiffs named in the summons in the justice court. The overruling of this motion is the second argument made here. The court did not err in overruling this motion. The fact that the parties made plaintiffs in the district court were different from those named in the summons issued by the justice of the peace afforded no reason whatever for the striking off of the petition filed in the district court. The summons issued by the justice notified Hartzell that he had been sued by A. C. McClurg & Co. The petition filed in the district court is in the name of A. C. McClurg and Frederick B. Smith, the petition alleging that they were partners doing business under the firm name of A. C. McClurg & Co. The only part of the justice's record which we have is the summons, and for aught the record shows McClurg and Smith may have been the plaintiffs in the bill of particulars filed in the justice court. Counsel in their brief say that the bill of particulars in the justice court was amended so as to make McClurg and Smith plaintiffs instead of A. C. McClurg & Co., and that this was done over their objection. But we are not reviewing the ruling of the justice of the peace in allowing that amendment to be made. If counsel thought that action of the justice erroneous, they should have taken an exception to it and taken the case on error to the district court. But if the plaintiffs in the bill of particulars before the justice were the same plaintiffs that are in the petition in the district court, and counsel say that they are, this is an unanswerable reason why the district court should have overruled counsel's motion to strike the petition from the files.

'3. A third argument is that the finding upon which the judgment is based is unsupported by the evidence. This argument is based on the contention that the petition avers that McClurg and Smith were partners doing business under the name of A. C. McClurg & Co. Counsel say there is no evidence in the record to sustain this

averment. The eminent counsel seem to overlook the fact that they did not answer in the district court the petition of McClurg & Co. The allegation in the petition that McClurg & Smith were copartners doing business under the firm name of McClurg & Co. was a material allegation, and since that allegation was not denied by an answer it stood confessed and McClurg & Co. were not obliged to introduce any evidence to prove it. (Code of Civil Procedure, sec. 134; *Slater v. Skirving*, 51 Neb. 108.)

4. A fourth argument here is that the court erred in admitting in evidence the note sued on, as there was no proof that it was the property of the plaintiffs below. The petition alleged that Hartzell made and delivered the note to the plaintiffs McClurg and Smith, and that they were copartners doing business as A. C. McClurg & Co. These were material allegations which by Hartzell's failing to answer stood admitted by him as true, and McClurg & Co. were not obliged to prove it; and since the note was payable to A. C. McClurg & Co. and in their possession, the presumption arose that they owned it, and, in the absence of a denial of those facts, that presumption became conclusive.

The judgment of the district court is

AFFIRMED.