T. N. HARTZELL V. A. C. McCLURG ET AL.

FILED MARCH 17, 1898. No. 7888.

1. Action on Note: PETITION. In a suit upon a promissory note the petition, after alleging the execution and delivery of the note by the defendant to the plaintiff, averred: "That afterwards the plaintiff sold and discounted said note, and that the holder thereof, at its maturity, presented it for payment and it was dishonored; that by reason of the neglect and refusal of the said defendant to pay said note the plaintiff was compelled to 'take up' said note." *Held,* That this averment was the ordinary and concise language of business men, and, when liberally construed in accordance with section 121 of the Code of Civil Procedure, means that the plaintiff, upon the dishonor of the note, paid the amount

due thereon to its holder, and he thereupon surrendered the note to plaintiff.

2. ———: ———: INDORSEE. The money paid by plaintiff to the indorsee was not paid for the benefit of the maker of the note, but to protect the plaintiff's contract of indorsement; and the effect of the payment and redelivery of the note to the plaintiff was to vest the plaintiff with the equitable title to the note.

3. ———: ———: ———. The equitable owner of a negotiable promissory note in his possession may maintain an action thereon in his own name.

ERROR from the district court of Buffalo county. Tried below before SINCLAIR, J.   *Affirmed.*

*Dryden & Main,* for plaintiff in error.

*Calkins & Pratt, contra.*

RAGAN, C.

T. N. Hartzell has filed a petition in error in this court to review a judgment of the district court of Buffalo county recovered against him in favor of A. C. McClurg and others on a promissory note.

The facts in this case and the arguments assigned here for its reversal are the same in all respects as in *Hartzell v. McClurg,* 54 Neb. 313, just decided, with this exception: In this case the petition, after alleging that Hartzell executed and delivered to McClurg & Co. the note sued on, that it was due and no part thereof had been paid, and that the maker of the note had neglected and refused to pay the note, averred "that afterwards [that is, after the execution and delivery of the note by the maker] the said plaintiffs, for a valuable consideration, sold and discounted said note, and that at the maturity thereof the owners, in the usual course of business, caused said note to be presented at the City National Bank, the place of payment thereof, for payment, and payment was refused thereof, and that said note was protested for non-payment therefor, at the costs of $3.10, and that by reason of the neglect and refusal of the said

defendant to pay said note these plaintiffs were compelled to take up said note and pay said protest fees." The argument is now made that the petition does not state a cause of action because it does not allege that McClurg & Co. repurchased the note from their indorsee, or at the bringing of the suit were the owners of the note; in other words, the argument is that the averment of the petition that the plaintiffs were compelled to take up said note when it was dishonored has no legal meaning; that the petition is to be construed most strongly against the plaintiffs, and that if the averment that the plaintiffs were compelled to take up said note means anything it means that they paid the note, and that therefore the plaintiffs have no cause of action against the maker of the note on that instrument, but their cause of action against the maker of the note is for money paid for his use.    The Code requires every pleader to state the facts which constitute his cause of action or defense in ordinary and concise language.    (Code of Civil Procedure, sec. 92.)    We think this petition complies with the Code.    The averment that the plaintiffs were compelled to take up the note indorsed by them upon its dishonor is the language of business men.    It is ordinary and concise language, and, liberally construed in accordance with section 121 of the said Code, it means that the note not being paid when due, the plaintiffs, in compliance with their contract of indorsement, paid the amount of it to the holder and that he surrendered it to them.    The argument that the plaintiffs cannot maintain an action on the note but must sue the maker thereof for money paid for his use is untenable.    The money paid by the plaintiffs to the indorsee of this note was not paid for the benefit of the maker of the note, but it was paid to protect the plaintiffs' contract of indorsement, and the effect of the payment and the redelivery of the note to the plaintiffs was to vest the plaintiffs with the equitable title to the note; and if it be conceded that the note has never been formally indorsed back to the plaintiffs, and

that therefore they have not the legal title to the note, they still had the equitable title, and being the equitable owners of the note and in possession of it, they could maintain an action upon it in their own names.    (*Greeley State Bank v. Line,* 50 Neb. 434.)

JUDGMENT AFFIRMED.