Barney McCabe, appellee, v. Mary E. Reed; Girard
    Trust Company, cross-appellant; Rollin B. Bal-
    lard, Intervener, appellant.

Filed February 15, 1911.   No. 16,277.

Mortgages: Suit to Cancel: Ownership of Debt: Evidence.   If the
    defendant in an action to cancel a mortgage produces the notes
    secured thereby, and it appears that he has controlled and had
    undisputed possession of the instruments for many years under
    a claim of title thereto, these facts will sustain a finding that
    he is the owner thereof, notwithstanding they are indorsed pay-
    able to the order of a third person.

Appeal from the district court for Box Butte county:
James J. Harrington, Judge.   *Affirmed in part and re-*
*versed in part, with directions.*

*A. M. Morrissey,* for appellant.

*Boyd & Barker,* for cross-appellant.

*William M. Iodence, contra.*

Root, J.

The material facts in this case are almost identical
with those referred to in *McCabe v. Equitable Land Co.,*
*ante,* p. 453.   There is this difference:   Mrs. Reed, the
owner of a certificate of tax purchase, commenced an ac-
tion to foreclose her lien upon the land involved in this
action, and impleaded the mortgagee as a defendant, and
a subsequent holder of the note secured by the mortgage
intervened.   In that suit a decree was rendered fore-
closing the tax lien and the mortgage.   The intervener in
that action purchased the land at sheriff's sale in October,
1904, but did not take possession of the real estate.   The
court in the instant case canceled the mortgage and
quieted the title to the real estate in the plaintiff upon
condition that he should pay the defendant the amount of

the tax lien, and, if he failed to do so, that the land should be sold to satisfy that lien.

The evidence with respect to Rollin B. Ballard's interest in the land is identical with the evidence upon that issue in *McCabe v. Equitable Land Co., supra,* and, for the reason stated in our opinion in that case, Mr. Ballard's appeal in this case should not be sustained.

The plaintiff argues that the defendant did not prove that the intervener in the tax foreclosure suit owned the note and mortgage in question. The note and the mortgage are attached to the files in that case. These instruments, with all the indorsements thereon, were received in evidence during the trial of this case. The note bears several restrictive indorsements which purport to vest title in the McKinley-Lanning Loan & Trust Company. An agreement between McCabe and the McKinley-Lanning Loan & Trust Company for an extension of the maturity of the mortgage debt was offered in evidence but excluded by the court. This agreement was indorsed by the payee to the intervener in the tax foreclosure suit, the Girard Life Insurance, Annuity & Trust Company; but the indorsement was excluded. The original payee of the note entered a voluntary appearance in Mrs. Reed's suit, and summons was served upon the trustee named in the mortgage deed, but prior thereto they had parted with all title to the mortgage debt. The delivery of a negotiable promissory note indorsed to the order of a third person will not in itself transfer title to the note (*Gaylord v. Nebraska Savings & Exchange Bank,* 54 Neb. 104), but an equitable assignment will result from the sale and delivery of the note without an indorsement, and the equitable owner may maintain an action thereon in his own name (*Greeley State Bank v. Line,* 50 Neb. 434). And the possession of an unindorsed negotiable promissory note by some person other than the payee or indorsee may sustain a finding that the equitable title followed the possession. *Cather v. Damerell,* 5 Neb. (Unof.) 175.

In the instant case the original note and mortgage were produced in the tax foreclosure case by the intervener therein, and they have remained in the custody of the clerk of that court for more than six years. No one other than that person asserts title to those instruments, and we are of opinion that there is *prima facie* proof of title in the intervener in the tax case, the defendant in this action. *Sanford v. Litchenberger,* 62 Neb. 501. The note is for $500, and bears interest from February 1, 1888. Payment of the principal sum, with 7 per cent. annual interest from that date, should have been made a condition precedent to granting the plantiff equitable relief. *McCabe v. Equitable Land Co., supra.* The defendant also paid taxes upon the land subsequent to the sheriff's sale, viz., for 1904, $1.33; for 1905, $1.65; for 1906, $1.65; but the proof does not show the dates upon which those payments were made.

The decree of the district court therefore is affirmed upon the intervener's appeal, but reversed upon the defendant's appeal, with directions to take evidence to prove the date those taxes were paid and to enter a decree in conformity with this opinion. The costs of this appeal to be taxed to the defendant Girard Trust Company; but in all other respects it shall recover costs.

JUDGMENT ACCORDINGLY.