WILLIAM F. SMITH, APPELLEE, V. DAVID G. POTTER ET AL., APPELLEES; WALTER V. HOAGLAND, APPELLANT.

FILED NOVEMBER 28, 1911. No. 16,314.

1. **Mortgages: FORECLOSURE: OWNERSHIP OF NOTES.** If the defendant in an action to enforce a mortgage produces the notes secured thereby, and it appears that he has controlled and had undisputed possession of the instruments for many years under claim of title thereto, these facts will sustain a finding that he is the owner thereof, notwithstanding they are indorsed payable to the order of a third person. *McCabe v. Reed*, 88 Neb. 457.

2. **Process: CONSTRUCTIVE SERVICE: PUBLICATION OF NOTICE.** Where a notice for constructive service by publication is published in a semiweekly newspaper, insertion of the notice in each of the regular issues during the week is necessary to constitute a legal publication for that week. *Claypool v. Robb*, ante, p. 193.

3. **Taxation: FORECLOSURE OF LIEN: PUBLICATION OF NOTICE.** Proof of publication of notice examined, and *held* insufficient to show that the notice was published for the time required by statute.

APPEAL from the district court for Lincoln county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*Hoagland & Hoagland* and *Henry P. Leavitt*, for appellant.

*Wilcox & Halligan* and *Albert Muldoon, contra.*

LETTON, J.

This action was brought to quiet title to a tract of land in Lincoln county. The plaintiff, Smith, claims title through a sheriff's deed issued in tax foreclosure proceedings brought by Lincoln. county against David G. Potter and others. The plaintiff prevailed, and, from a judgment quieting the title in him, defendant Hoagland appeals.

In 1887 David G. Potter received a patent to the land in controversy from the United States. In 1892 he executed a note and mortgage to one Buckworth to secure the payment of a note for $389, which note was after-

wards indorsed to the North Platte National Bank. Afterwards the bank became insolvent, one Doolittle was appointed receiver, and the note and mortgage were sold by the receiver in winding up the affairs of the bank. Defendant Hoagland claims the right to redeem from the tax lien by virtue of his ownership of this note and mortgage and of a decree of foreclosure based thereupon, and by reason of the invalidity of the tax foreclosure proceedings on which plaintiff's title to the land depends. He also alleged that the fee title to the land rested in one Waples. He filed an answer and cross-petition praying that he be allowed to redeem and that the title to the land be quieted in Waples. In 1900 Lincoln county obtained a decree of foreclosure for the delinquent taxes on the land without making a prior administrative sale. Service was had by publication, and the land was sold to satisfy this decree. In 1902 the land was purchased at sheriff's sale by the defendant Wilcox. The plaintiff, William F. Smith, derives his title by mesne conveyances from Wilcox. Plaintiff denies the ownership of the decree by Hoagland, alleges its abandonment by the receiver, and sets up a number of other defenses to the cross-action. It would unduly lengthen this opinion to set out even the substance of the lengthy and much involved pleadings, or to relate the evidence, except upon one or two points.

1. Upon the issues made as to the ownership by Hoagland of the note and mortgage: We held in the case of *McCabe v. Reed*, 88 Neb. 457: "If the defendant in an action to cancel a mortgage produces the notes secured thereby, and it appears that he has controlled and had undisputed possession of the instruments for many years under a claim of title thereto, these facts will sustain a finding that he is the owner thereof, notwithstanding they are indorsed payable to the order of a third person." The testimony of the witness Davis we think is not sufficient to overcome that of Hoagland, supported and corroborated as it was by his possession and production of the papers.

2. It is contended that the tax foreclosure proceedings

were void and conveyed no title to Wilcox. This is really the main contention in the case. The validity of these proceedings is attacked upon a number of grounds. One of these is that the notice for constructive service was not published for the proper length of time. The proof of publication filed with the notice was to the effect that the notice was published in the North Platte Telegraph, a semi-weekly newspaper, for four consecutive weeks; the first publication being made on the 24th day of August, 1900, and the last on the 21st day of September, 1900. Defendant Hoagland called the publisher as a witness, who appeared with the files of the newspaper. His evidence disclosed that there was an error in the date line of at least one issue of the paper; but he testifies, and the files disclosed, that the notice did not appear in the paper published on August 21. If we accept the publisher's testimony, the first publication must have been either upon Friday, the 24th day of August, as the affidavit recites, or on Tuesday, the 28th day of August. Whether we take the first publication as having been upon Friday, the 24th, or Tuesday, the 28th, under the rule announced in *Claypool v. Robb, ante,* p. 193, the notice was not published for the length of time required by the statute, and the court acquired no jurisdiction. The tax foreclosure proceedings, therefore, did not bar the equity of redemption, and the sheriff's deed conveyed no title to the premises.

It is unnecessary to discuss other questions raised as to the affidavit and notice and similar matters affecting the validity of the decree.

It appears that an action had been brought by the holder of the note and mortgage under which defendant claims, and that a decree had been entered thereon. The trial court found that the decree had been "abated and dismissed." This finding was procured by plaintiff, and he cannot now complain of it.

It is contended that this defendant has been guilty of laches whereby he has forfeited his right to insist upon

his note and mortgage. Mere delay in foreclosing a mortgage will not have such effect, and, unless continued for the term prescribed in the statute of limitations, will not bar a recovery.

It is contended that there is another outstanding mortgage against the land, and that defendant is not entitled to relief in this case unless he offers to do equity by paying prior incumbrances. The court will determine what liens exist and their priority. Lienholders are not required to pay prior liens unless they desire to do so to protect their own.

The judgment of the district court is reversed and the cause is remanded for such other and further proceedings as may be required to adjust the rights of the parties.

REVERSED.