PEOPLE'S STATE BANK, APPELLEE, V. JULIA A. SMITH, APPELLANT.

FILED JUNE 12, 1930. No. 26933.

H. A. *Bryant*, for appellant.

*Slama & Donato* and *Lee, Steinberg & Walsh*, contra.

Heard before Goss, C. J., Rose, Good, Thompson, Eberly and Day, JJ., and Thomsen, District Judge.

Thomsen, District Judge.

This action is brought to recover on notes signed by defendant and her husband. The debt was originally that of the husband. He died August 27, 1927. Eleven days after his death the present action was begun. The defendant, the wife, had acquired some interest in a relative's estate in Nebraska. The proceedings were begun by attachment of the wife's interest in this Nebraska property. The parties were, and still are, residents of Iowa. The defendant entered a general appearance.

The husband owed the plaintiff $7,731.30, unsecured, which was past due June 4, 1925. On that date, in consideration of an extension of time for payment, a new note and a mortgage on Smith's property were signed by both Smith and his wife. This note, when eleven months past due, May 3, 1927, was renewed by the husband and wife, in executing a new note and mortgage for the principal sum, due May 3, 1928, and, in addition, executing, for past due interest, two notes signed by both, one for $400, due June 1, 1927, and the other for $577.95, due August 1, 1927. At the time of the delivery of the renewal note and mortgage, interest on a first mortgage and taxes on the land were past due and delinquent. The interest, $378.15, the plaintiff, to protect its security, paid to the first mortgagee June 23, 1927. The delinquent taxes, aggregating $720.57, were paid by the plaintiff August 10, 1927.

At the time of filing the petition only the two interest notes were due, but the plaintiff claimed maturity of the principal note and immediate reimbursement of the other items by reason of an acceleration clause in the mortgage.

In her answer the defendant claims that she received no part of the consideration, signed the notes and mortgage merely as the wife of the original debtor and "for the sole and only purpose of waiving and releasing her contingent right of dower and homestead in and to the real estate aforesaid and in order that said contingent interests might be subjected to the satisfaction of said indebtedness in the event of the failure of her husband to pay the same," and generally denies the plaintiff's claims. In substance, the reply of the plaintiff is a general denial. The statutes of Iowa, pleaded by plaintiff, and the effect of which is admitted by the defendant, make her engagements as binding as if she were single. Code of Iowa 1924, sec. 10466; *Spafford v. Warren,* 47 Ia. 47; *Hinman v. Treinen,* 196 Ia. 701.

The pleadings and evidence show three defenses offered —want of consideration, immaturity of the principal debt, and nonliability by reason of the purpose for which the defendant's signature was needed and given.

That the defendant received valuable consideration for signing the notes and mortgage, under the conditions, is abundantly established by authority. It is settled law that a consideration is valid though it move to a third party. Restatement of the Law of Contracts by the American Law Institute, sec. 75 (2) ; 1 Williston, Contracts, sec. 113; *Violett v. Patton,* 5 Cranch (U. S.) 142; 13 C. J. 325. "Value is any consideration sufficient to support a simple contract. An antecedent or preexisting debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time." Comp. St. 1922, sec. 4636. The inquiry need be only whether the defendant's husband, the third party, received benefit. *Smith v. Spaulding,* 40 Neb. 339; *Buffalo County Nat. Bank v. Sharpe,* 40 Neb. 123; *Watts v. Gantt,* 42 Neb. 869; *Grand Island Banking Co. v. Wright,* 53 Neb. 574; *Wilson v. Neu,* 1 Neb. (Unof.) 42; *First State Bank of Herrick v. Conant,* 117 Neb. 562. And in Iowa, where the parties still reside and where the mortgage and notes were made, when the intention of the parties is that the wife should be personally bound when she joins her husband in a promissory note, extension of time for payment of the husband's debt is sufficient consideration to accomplish that object. *American Commercial & Savings Bank v. Kramer,* 206 Ia. 49; *Commercial Savings Bank v. Carey,* 207 Ia. 1060.

The petition shows, and the evidence more clearly establishes, that the causes claimed for accelerating maturity of the debt existed at the time the new notes and mortgage were taken. The taxes paid were for the larger part redemption of tax sales made December 6, 1926, the delinquent taxes of 1925, and the remainder the taxes for 1926, the latter, under Nebraska law, being delinquent May 1, 1927. Comp. St. 1922, sec. 6002. The presumption obtains, in the absence of proof, that the law of Iowa is the same as in Nebraska. *Haggin v. Haggin,* 35 Neb. 375; *Fitzgerald v. Fitzgerald & Mallory Construction Co.,* 41 Neb. 374; *Chapman v. Brewer,* 43 Neb. 890; *Cook v. Chicago, R. I. & P. R. Co.,* 78 Neb. 64; *Twamley, Son & Co. v. Chicago, G. W. R. Co.,* 111 Neb. 311. All these delin-

quencies occurred during the time the former mortgage was in force, and information about which was available through records, or inquiry of defendant, at the time the present mortgage was taken. The delinquent interest due to the first mortgage must have been known to the plaintiff. Payment of other delinquent interest had been made by the plaintiff on three different occasions before the present notes were given. These are the causes claimed for acceleration. In view of the prior business relations of the parties and the circumstances, the intention of the parties must be construed to be that the causes for accelerating maturity must arise subsequent to the execution of the papers. If any doubt would exist as to this, the doubt must be resolved in favor of the defendant. The papers were prepared by the plaintiff; the defendant had no choice in the language used. *Flory v. Supreme Tribe of Ben Hur*, 98 Neb. 160; 4 Page, Contracts, sec. 2054. In considerating the mortgage alone, the clause, "if, however, any of these conditions are not complied with, or if there is found *hereafter* to exist any lien on said realty prior to this mortgage," must mean, in an interpretation most favorable to defendant, that the causes which would accelerate maturity of the obligation must not exist when, but must arise after, the mortgage is given.

The interest on the first mortgage and delinquent taxes, paid by the plaintiff, became charges in favor of the plaintiff and against the mortgagors by the terms of the mortgage. But for the mortgage the amounts so paid would constitute mere irrecoverable voluntary payments. A search of the mortgage fails to reveal any right of immediate reimbursement. Such payments became an additional obligation which the mortgage secured, a part of the original debt, and became due when the original debt would become due. The maturity of the original debt would ordinarily be accelerated under the terms of the mortgage upon the happening of the events we have detailed, but because of the circumstances do not, as we have found, constitute causes for acceleration. The principal debt is not due; and, the added obligation having lost its founda-

tion for maturity, the payments made cannot be recovered until the principal debt is due.

However, the question of immaturity should not arise, the plaintiff claims, since the defendant failed to take advantage of it by a plea in abatement. Most of the facts recited above are apparent from the pleadings, sufficient, at least, to raise doubt about maturity. Part of the plaintiff's proof is to establish a demand which has matured. *Kahn v. Cook,* 22 Ill. App. 559. "It is not a question of pleading by the defendant, but of proof by the plaintiff." *Wilder v. Colby,* 134 Mass. 377. A general denial, therefore, is sufficient to raise the issue. *Landis v. Morrissey,* 69 Cal. 83; *Nickerson v. Babcock,* 29 Ill. 497; *Bacon v. Schepflin,* 185 Ill. 122; *Franklin Savings Institution v. Reed,* 125 Mass. 365; *Smith v. Holmes,* 19 N. Y. 271; 1 C. J. 109, 110. This rule is particularly applicable when the defendant is a mere surety and the sole consideration to her is the time until maturity. In reaching a conclusion on this question we have not overlooked the many authorities to the contrary cited by plaintiff. The distinction, however, seems to rest in whether the matters are apparent from the face of the record or in whether the purpose is a mere dilatory one and not relating to the merits, or both. As to the latter the distinction is particularly well defined in *Bacon v. Schepflin, supra.* The defendant's answer, being in part a general denial, the question of immaturity is properly presented.

Cases are cited by the plaintiff holding that if the debt matures pending suit the plaintiff may proceed to judgment. The fallacy in these decisions lies in ignoring that the inquiry should be directed only to the right at the inception of the suit; that permitting a judgment notwithstanding original immaturity justifies a wrong as a matter of expediency, and carried to a logical conclusion would in all cases permit a creditor to anticipate default and have a judgment the moment a debt is due. So far reaching is such advantage to creditors that the legislature should definitely authorize such procedure before the courts should entertain it.

We come now to a consideration of the main defense offered—that no liability exists by reason of the purpose for which the plaintiff desired the signature of the wife. The trial court directed a verdict for plaintiff. So, in considering the evidence on this proposition, we must regard as conclusively established every point favorable to the defendant which the evidence tends to establish. *Vrbsky v. Arendt,* 119 Neb. 443. It is always proper to inquire into the consideration. *Kennedy v. Goodman,* 14 Neb. 585. And in order to have a proper concept of the defense offered it is necessary to review the facts relating to the origin of the debt. Prior to 1925 the husband owed a personal obligation for bank stock, the exact nature of which the record does not show, for which he had given his own note to the bank in the amount of the present principal sum. The husband was the owner of farm land. When this note was past due and considered for renewal, the cashier of the bank proposed, as he testifies, "that if Mr. and Mrs. Smith would give us a mortgage on this land we would extend the time." The notes involved in the present action are those taken on a second renewal. A new mortgage and new notes were executed. The defendant's evidence is that on execution of the papers the cashier said that the sole reason her signature was needed was to release her dower and homestead interest in the land; that it would never cause her "any personal trouble;" that she would not have signed the notes if a personal liability were to be assumed by her; that the reason the smaller notes were signed was, the cashier told her, the amount would otherwise be too large to pass the examiners. This evidence establishes the purpose for which the notes and mortgage were executed and delivered and comes clearly within the rule announced in *City Nat. Bank v. Dwyer,* 47 S. Dak. 567. The facts are almost identical. The court said: "It is contended by respondent that the testimony was incompetent because it tends to change or vary the terms of a written instrument. This contention is wholly without merit. There is no attempt to vary the terms of the note. The testimony was not admitted for that pur-

pose, but to show the purpose for which the note was given, to wit, that it was executed for the purpose only of waiving defendant's homestead right to the land described in the deed." See, also, *McCormick Harvesting Machine Co. v. Faulkner*, 7 S. Dak. 363, 58 Am. St. Rep. 839; *Ricords v. Mead*, 45 S. Dak. 617; *Dimock State Bank v. Boehnen*, 46 S. Dak. 50. The rule is based upon the negotiable instruments law. The statute in South Dakota is the same as ours, which provides: "The delivery may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument." Comp. St. 1922, sec. 4627. Substantial distinction exists between the testimony in the instant case which tends to limit the application of a note as a note and that which tends to destroy it. The latter is uniform'y held inadmissible and wanting as a defense. 20 A. L. R. 490. The former recognizes its validity, but limits the purpose for which the note may be used. A mortgage without a debt is valueless. No conveyance of a homestead without the wife's signature is lawful. Comp. St. 1922, sec. 2819. Thus the wife's signature on the mortgage is essential to obtain valid security; her signature on a note is necessary to ultimately realize the amount out of the security thus obtained. It is for this purpose that the note is needed and delivered; and testimony to show these facts comes clearly within the permission of the negotiable instruments law quoted. Moreover, the nature of the testimony has such strength, in probability and belief, that additional justification for its admission may be found on that ground.

It will be observed, therefore, that whether the statements claimed by the defendant to have been made to her as the inducing cause for her signature were actually made is a question of fact for the jury, and upon the determination of this fact depends the right of the plaintiff to recover on any of the items mentioned; that suit has been prematurely brought on the principal note and the other items except the short-term notes.

The plaintiff's petition is divided into two causes of ac-

tion, the first declaring on the short-term notes which are due; the second declaring on the principal note and the other items.

From all the foregoing, it is decided that the question of fact with respect to the first cause of action should be submitted to the jury; and that the second cause of action should be dismissed without prejudice to another action.

Reversed, with directions to dismiss the second cause of action without prejudice.

REVERSED.