RAFAEL NAPOLEÓN PIÑAS, Plaintiff and Appellee, *v.* GUMERSINDA RODRÍGUEZ, Defendant and Appellant.

No. 9202. Argued December 26, 1945.—Decided March 29, 1946.

*Bauzá & Bauzá* for appellant. *Juan Lastra* for appellee.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

A husband brought an action for divorce on the ground that he had not been living with his wife for over one year.[1] The wife moved to dismiss the complaint for insufficiency, and

---

[1] No desertion was alleged, but merely the separation of the spouses.

then the husband, five months after the action was brought, filed an amended complaint, alleging that he had lived apart from his wife for over three years. The wife failed to answer the amended complaint, her default was entered, and after a trial without the appearance of the defendant, judgment was rendered decreeing the divorce. The evidence shows that when the action was brought the spouses had been living separately for less than three years and that the three-year period of separation was completed one month prior to the filing of the amended complaint. Among other assignments of errors which need not be considered, the appellant wife urges that the lower court erred in considering the cause of action as established notwithstanding the fact that at the time the original complaint was filed the statutory three-year period of separation had not yet elapsed.

The appellant is right. The evidence shows that when the action was brought the husband lacked a cause of action. His right to a decree of divorce depended upon the existing situation at the inception of the suit, and the nonexistence of a cause of action at that time was a fatal defect which was not cured by the accrual of a cause pending suit. *American Bonding & Trust Co. et al.* v. *Gibson County*, 145 F. 871.[2]

The case at bar is similar to that of an action of debt brought several months before the debt matures. To permit recovery in such a case would reward an unjustified judicial claim and invite creditors in all cases to anticipate default and place themselves in a position to obtain a judgment the moment a debt is due. *People's State Bank* v. *Smith*, 120 Neb. 29, 231 N.W. 141. In divorce cases there is a stronger reason than in actions of debt for not rewarding or stimulating the impatience of a litigant, to wit, the interest of the state in the stability of marriages, which interest we take it endures in Puerto Rico, notwithstanding the extraordinary liberality of our divorce statute.

---

[2] See *Morán* v. *District Court*, 55 P.R.R. 618; *Vere* v. *District Court*, 54 P.R.R. 248.

The judgment appealed from should be reversed and another rendered instead dismissing the complaint, with costs and $100 as attorney's fees.