RAFAEL NAPOLEÓN PIÑAS, demandante y apelado, *v.*
GUMERSINDA RODRÍGUEZ, demandada y apelante.

Núm. 9202.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Marzo 29, 1946.

*Bauzá & Bauzá,* abogados de la apelante; *Juan Lastra,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

Radicó un esposo demanda de divorcio a base de que hacía más de un año que no vivía con su esposa.[1]  Pidió la esposa se desestimara la demanda por no aducir causa de acción, y entonces, cinco meses después de la demanda original, radicó el esposo demanda enmendada alegando que hacía más de tres años que vivía separado de su esposa.  No contestó la esposa la demanda enmendada, se le anotó la rebeldía, y celebrado el juicio en rebeldía, se dictó sentencia declarando con lugar la demanda de divorcio.  De la prueba resulta que al radicarse la demanda hacía menos de tres años que los esposos vivían separados, y que el término de tres años vino a cumplirse como un mes antes de radicarse la demanda enmendada.  Entre otros errores que huelga considerar, señala la esposa apelante el cometido por la corte inferior al estimar establecida la causa de acción, cuando no había mediado el término estatutario de seperación de tres años al radicarse la demanda.

Tiene razón la apelante.  De la prueba resulta que al radicarse la demanda carecía el esposo de causa de acción.  Su

---

[1]No se alegó abandono, sino mera separación de los cónyuges.

derecho a una sentencia de divorcio dependía de la situación existente al radicarse la demanda y la inexistencia entonces de una causa de acción era un defecto fatal, que no quedó subsanado al surgir una causa de acción durante el litigio. *American Bonding & Trust Co. et al* v. *Gibson County,* 145 F. 871.([2])

El caso de autos se asemeja al de una acción en cobro de dinero radicada unos meses antes de vencer la deuda. Permitir una sentencia condenatoria en un caso tal sería premiar una reclamación judicial injustificada, e invitar a los acreedores a anticipar el vencimiento de las obligaciones en todos los casos, y colocarse en posición de obtener sentencia tan pronto venza la obligación. *People's State Bank* v. *Smith,* 120 Neb. 29, 231 N. W. 141. En casos de divorcio existe una razón de mucho más peso que en casos de cobro de dinero para no premiar ni estimular la impaciencia de un litigante, a saber, el interes del estado en la estabilidad de sus matrimonios, interés que entendemos perdura en Puerto Rico, no empece la extraordinaria liberalidad de nuestra ley de divorcio.

*Debe revocarse la sentencia apelada y dictarse otra declarando sin lugar la demanda, con las costas y cien dólares por concepto de honorarios de abogado.*

---

([2])Véase *Morán & Cía.* v. *Corte,* 55 D.P.R. 637; *Vere* v. *Corte,* 54 D.P.R. 262.