Hon. SILAS A. HOLCOMB, } Judges.
Hon. SAMUEL H. SEDGWICK, } Judges.

Department No. 1.
Hon. WILLIAM G. HASTINGS,
Hon. GEORGE A. DAY,
Hon. JOHN S. KIRKPATRICK,

Department No. 2.
Hon. JOHN B. BARNES,
Hon. WILLIS D. OLDHAM,        Commissioners.
Hon. ROSCOE POUND,

Department No. 3.
Hon. EDWARD R. DUFFIE,
Hon. JOHN H. AMES,
Hon. I. L. ALBERT,

## H. C. RIDER v. M. LAWRITSON.

### FILED JUNE 4, 1902. No. 11,774.

Writ of Error From a Justice of the Peace: GARNISHMENT: ERROR
WITHOUT PREJUDICE. When a writ of error is taken from the
order of a justice of the peace requiring a garnishee after
judgment to pay money into court, and the district court re-
verses the judgment of the justice because the answer of the
garnishee would not support the same, and thereupon enters an
order discharging the garnishee, such order will not be reversed
upon petition in error in this court on the ground that the dis-
trict court should have held the case for trial, since no other

8 ·          (1)

judgment could be rendered by the district court against the garnishee, and if it was error to enter such judgment without setting the case down for trial it was error without prejudice.

ERROR from the district court for Red Willow county. Tried below before NORRIS, J. *Affirmed.*

*A. F. Moore* and *O. Warren,* for plaintiff in error.

*W. R. Starr* and *Fayette I. Foss, contra.*

SEDGWICK, J.

July 17, 1900, the plaintiff in error obtained a judgment in justice court against M. E. Horner for $170, and costs of suit. An execution issued on said judgment was returned unsatisfied, and thereafter the defendant in error was garnished as a debtor of the judgment defendant. The justice made an order in the garnishment proceedings requiring Lawritson to pay into court whatever money might be owing the judgment defendant upon a contract for building a dwelling house for the garnishee. The garnishee thereupon took a writ of error to the district court, where the following judgment was rendered: "It is therefore considered by the court that the petition of plaintiff in error be sustained, and that said order be, and the same hereby is, reversed, and the garnishee discharged, and that the costs be taxed to the defendant in error at $——. To all of which the defendant in error excepts." The plaintiff, Rider, has brought the case to this court upon proceedings in error.

It is insisted that under section 601 of the Code of Civil Procedure the district court should have retained the case for trial, and that the order of the district court discharging the garnishee is erroneous. It is only in case that the answer of the garnishee discloses that he is indebted to the defendant in execution that the court can order the garnishee to pay over the amount found due. Code of Civil Procedure, sec. 249. If the matter, so far as the garnishee is concerned, is to be determined in the justice court upon

the answer of the garnishee, and without other evidence, it must certainly be determined in the same way in the district court upon reversal of the justice's judgment. The district court must then, if the case had been set down for trial, have determined it upon precisely the same evidence upon which the order was made reversing the order of the justice, and, of course, if the first order was right, the second order must have been to discharge the garnishee. So that, if it was error to dispose of it at once without first setting the case down for trial, and going through the forms of a trial, it was error without prejudice, because the result must have been the same.

The judgment of the district court is

AFFIRMED.