PETER A. SANDERSON, APPELLEE, V. ALEX C. EVERSON ET
AL., APPELLANTS.

FILED MAY 17, 1913.    No. 17,163.

1. **Joint Tenancy:** RIGHT TO CREATE. The right to create title in real
   estate by joint tenancy, with right of survivorship, when clearly
   and definitely expressed in the conveyance, has never been
   abridged in this state..

2. **Deeds:** CONSTRUCTION: JOINT TENANCY. Where a deed was made to
   husband and wife as "joint tenants with right of survivorship,"
   this is held to clearly express the intention of the parties to the
   conveyance to create a joint tenancy, the survivor to take the full
   title conveyed upon the death of the other.

3. ———: ———: ———. While as between joint tenancies and ten-
   ancies in common the law prefers the latter, yet, if the purpose
   to create a joint tenancy is clearly expressed in a deed of con-
   veyance of real estate, the law will permit the intention of the
   parties to control, and a joint tenancy with right of survivorship
   will be created.

APPEAL from the district court for Buffalo county:
BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*Thomas F. Hamer,* for appellants.

*H. M. Sinclair* and *Willis D. Oldham, contra.*

REESE, C. J.

The defendants Alex C. Everson and Canzada Everson,
husband and wife, were the owners of lots 1, 2 and 3, in
block 18, of the Kearney Land & Investment Company's
Choice addition to the city of Kearney, in Buffalo county,
and occupied the property as a family homestead; the
apparent title to the property being held by the wife,
Canzada Everson. On the 21st of May, 1910, the husband
sold the property to plaintiff, Peter A. Sanderson, the
agreed price being $4,000. Plaintiff paid the sum of $500,
when defendant Alex C. Everson executed to him the
following receipt: "Kearney, Nebr., May 21, 1910. Re-

ceived of P. A. Sanderson, five hundred dolls. as the first payment on the lots 1 & 2 & 3 in Bk. 18, Kearney Land & Investment Choice Add. to Kearney, price to be $4,000. Subject to Mrs. A. C. Everson approval of sale.   A. C. Everson." The sale was approved by Mrs. Everson, and an abstract of the title to the property was furnished to plaintiff, who submitted it to an attorney for investigation. The attorney questioned the title; his principal reason being that within the chain of title there was a deed made to "Lewis P. Main and Edith E. Main, husband and wife, joint tenants with right of survivorship," and, Mrs. Main having died, the property was conveyed to the next purchaser by Lewis P. Main in his own right. It is shown by the evidence that there was one child born to Mr. and Mrs. Main, who is now living, and at the time of the trial was between 17 and 18 years of age. The title was rejected by the attorney on the ground that the law of joint tenancy with the right of survivorship does not exist in this state.

The plaintiff, Sanderson, then brought suit for the recovery of the $500 paid on the purchase price, alleging that defendant Alex C. Everson had no title to the property, and that his wife, Canzada Everson, had but an imperfect title, at least doubtful, to the undivided half thereof, and that, upon the discovery of the defect in the title, plaintiff had informed defendants that he would go no further with the purchase, and demanded the return of the $500 paid, which was refused. The defendants answered, in effect denying the right of plaintiff to recover, and presenting their cross-petition for the enforcement of the sale, the specific performance of the contract by plaintiff, or, in case of his failure to perform the same, that the property be sold as upon foreclosure and the proceeds applied to the payment of the amount found due, with judgment for any deficiency which might remain. A trial was had to the court; the result being a judgment in favor of plaintiff and against defendant Alex C. Everson for the $500, with interest and costs; that there was no

cause of action against Canzada Everson. The cross-petition of defendants was dismissed; the court holding that "the doctrine of joint tenancies with its incidents at common law never did apply to the tenures existing between husband and wife, but estates between them that partook of this nature were confined to entireties; and, furthermore, that such tenancies, whether between husband and wife, or between other parties, are not applicable to our laws, and are 'repugnant to our institutions and the American sense of justice to the heirs,' and that such estates do not exist in this state." Defendants appeal.

The possession of the property was never changed, but, so far as is shown by this record, is still with defendants. There is no evidence that a deed was ever tendered by defendants to plaintiff. As the case is presented here there are but two questions submitted for decision: First, does the law of joint tenancies, with survivorship, exist in this state; and, second, if so, can it be applied to a conveyance to the husband and wife where an effort is made to create such tenancy?

As to the conveyance to husband and wife, we are persuaded that such fact can have no influence on the result, for, in so far as their dealings, whether with others or between themselves, are concerned, they are no longer one in the sense used in the common law. They can hold title to property separately or jointly, in all respects the same as unmarried persons. This fact furnished the basis for the decision in *Kerner v. McDonald*, 60 Neb. 663, 83 Am. St. Rep. 550, where it was held that the law of title by entireties does not exist in this state. The rule of entireties does not depend upon and is not created by contract. It is a fiction of the common law, having its origin in the feudal system, that, where land was conveyed to the husband and wife jointly, the title by entireties was created in them by act of law, and neither could dispose of the property without the consent of the other; each owned the *entire* title. Joint tenancies are created by contract, and, if not so created, they do not exist. True, they are not

favored, and, if not expressly created by contract, the law presumes the tenancy is in common, and that upon the death of one of the holders of the title his or her interest descends to his or her heirs. But this is not true of joint tenancies. It is true that, in order to create a joint tenancy, the purpose must be clearly expressed, otherwise the tenancy will be held to be in common. But no one will contend that it is not competent for the parties to contract in a deed to two or more persons, whether husband and wife or not, that the conveyance is to the one for life and to the others in remainders in fee. Such is the effect of a conveyance to both as joint tenant with the right of survivorship. It is a clear matter of contract, and the intention of the parties must govern.

It is provided in section 53, ch. 73, Comp. St. 1911: "In the construction of every instrument creating or conveying, or authorizing or requiring the creation or conveyance of any real estate, or interest therein, it shall be the duty of the courts of justice to carry into effect the true interest (intent) of the parties, so far as such intent can be collected from the whole instrument, and so far as such intent is consistent with the rules of law." There can be no doubt but that it was the intention of the parties to the deed under consideration to create a joint tenancy "with right of survivorship;" that is, upon the death of one the survivors should take the whole title. Such intention was not inconsistent with the rules of law as expressed in our statute.

In 2 Reeves, Real Property, sec. 688, after a discussion of the law of tenancy by the entirety, the author says: "If such a co-ownership by them be not desired, according to the preponderance of the decisions, they may be made joint tenants, or tenants in common, by an express statement to that effect in the instrument of transfer." See, also, *Thornburg v. Wiggins*, 135 Ind. 178; *Fladung v. Rose*, 58 Md. 13; *Mette v. Feltgen*, 148 Ill. 357. In *Redemptorist Fathers v. Lawler*, 205 Pa. St. 24, it was held that, notwithstanding the legislature had abolished the right of

42

survivorship as an incident to joint tenancy, and provided that, "whatever kind the estate or thing holden be, the parts of those who die first  *  *  *  shall be considered  *  *  *  in the same manner as if such deceased joint tenants had been tenants in common," yet it was competent for the parties to a conveyance to contract for survivorship, and a deed containing the provision that the grantees should hold "as joint tenants, and not as tenants in common," would be upheld as the clear intent of the grantor "not to follow the statute, but to convey an estate subject to the right of survivorship, the distinguishing incident of joint tenancy at common law."

Being unable to find any provision of our statute which can be construed as rendering the contract of the parties to the conveyance under consideration unlawful, we hold that a joint tenancy was created by the deed to Lewis P. Main and Edith E. Main, and that upon the decease of Edith, without having broken the tenancy in any way, her title became vested in the husband, and he could transfer the property.

The judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.

BARNES, LETTON and SEDGWICK, JJ., concur.

ROSE, FAWCETT and HAMER, JJ., not sitting.