JOHN G. ARTHUR, APPELLEE, v. MATTIE L. ARTHUR, APPELLANT.

FILED JULY 16, 1927. No. 24993.

1. **Husband and Wife:** DEED: CONSTRUCTION. A quitclaim deed conveyed the title to certain real estate in Nebraska to John G. Arthur and Mattie L. Arthur, then husband and wife. The deed is in usual form, other than that, in appropriate language, the granting clause provides for the conveyance of the land "unto the said parties of the second part (the Arthurs), and to the survivor of them, and his or her heirs and assigns, forever." The habendum clause reads: "To have and to hold the above described premises unto the said John G. Arthur and Mattie L. Arthur, husband and wife, and the survivor of them, and his or her heirs and assigns." On or about August 1, 1917, the Arthurs were divorced in Douglas county. Some time in March, 1926, John G. Arthur died leaving his former wife him surviving. *Held*, that, under the provisions of the deed, Mattie L. Arthur, the survivor, took the title to the real estate by right of survivorship.

2. **Partition.** "Where a cause is fairly within the law authorizing a partition, the right to partition is imperative and absolutely binding upon courts of equity. In such a case the right of partition is a matter of right and not of mere grace:" *Oliver v. Lansing*, 50 Neb. 828.

3. **Deeds:** CONSTRUCTION. Where a conveyance of land discloses a mutual agreement between the parties to create an estate of

survivorship, it becomes the duty of this court to apply the rule as evidenced by the conveyance.

4. **Joint Tenancy.** When a joint tenancy exists, each joint tenant is entitled to a partition of the estate that continues during the life of all the tenants, and if there are but two joint tenants, on the death of one, the entire estate goes to the survivor.

APPEAL from the district court for Douglas county: WILLIAM G. HASTINGS, JUDGE. *Reversed, with directions.*

*Benjamin S. Baker, J. H. Ready* and *S. Arion Lewis, Jr.,* for appellant.

*R. F. Wood* and *C. T. Dickinson, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DEAN, J.

December 18, 1880, John G. Arthur, plaintiff, and Mattie L. Arthur, defendant, were married. No children were born to this marriage. On or about August 1, 1917, the parties were divorced in Douglas county. In October, 1920, plaintiff began a suit for partition of certain tracts of land and city property owned by plaintiff and defendant in Cheyenne, Kimball, and Douglas counties. The real estate in suit is numerically described in paragraph numbered two of the petition. Paragraph two follows:

"That the plaintiff and defendant are the owners of the following described real estate, situate in Douglas, Kimball, and Cheyenne counties, in the state of Nebraska, to wit: Lots one (1), two (2), three (3), and four (4), in section twenty-three (23), township fifteen (15), range fifty-nine (59), Kimball county, Nebraska; the southeast quarter of section seventeen (17), township sixteen (16), range fifty-two (52), Cheyenne county, Nebraska; the northeast quarter of section eleven (11), township fifteen (15), range forty-eight (48), Cheyenne county, Nebraska; all of section nineteen (19), township sixteen (16), range fifty-one (51), Cheyenne county, Nebraska; lots sixteen (16), seventeen (17), and eighteen (18), block five (5), Amber

Place, an addition to the city of Omaha, Douglas county, Nebraska; lots seven (7) and eight (8), block three (3), Eckerman Place, an addition to the city of Omaha, Douglas county, Nebraska; lots twenty-seven (27), twenty-eight (28), twenty-nine (29), and thirty (30), Hart's subdivision of block 2, Park Place, an addition to the city of Omaha, Douglas county, Nebraska; lots twenty-one (21) and twenty-two (22), block fourteen (14), Orchard Hill, an addition to the city of Omaha, Douglas county, Nebraska; lots three (3) and four (4), block eight (8), Lincoln Place, an addition to the city of Omaha, Douglas county, Nebraska; the west sixty (60) feet of lots twelve (12) and thirteen (13), and all of fourteen (14), block eight (8), Hanscom Place, an addition to the city of Omaha, Douglas county, Nebraska."

Plaintiff alleged that each of the parties hereto owned an "undivided one-half interest" in the real estate above described, and "that the plaintiff is entitled to and asks that said real estate * * * be partitioned between the plaintiff and defendant, each receiving one-half (½) of the same."

The defendant in her answer denied "that plaintiff and defendant each own an undivided one-half of said property or any part thereof, but alleged that plaintiff and defendant are joint owners of a life estate in all of said property except the west sixty (60) feet of lots twelve (12) and thirteen (13), and all of lot fourteen (14), block eight (8), Hanscom Place, an addition to the city of Omaha, Douglas county, Nebraska, and alleged that the survivor of the plaintiff and defendant is the owner in fee of all the property set forth in paragraph two of plaintiff's petition." The exception in the deed refers to the homestead property that was awarded to defendant in the divorce suit.

May 21, 1925, the court found and decreed that "the plaintiff and the defendant are each owners in fee simple of an undivided one-half of the following described real estate situate in Douglas, Kimball, and Cheyenne counties, in the state of Nebraska, to wit:" Here follows a description of the real estate in suit as above noted, which is de-

scribed in paragraph numbered two. In respect, however, of the "west sixty (60) feet of lots twelve (12) and thirteen (13), and all of lot fourteen (14), block eight (8), Hanscom Place, an addition to the city of Omaha, Douglas county, Nebraska," which is the property noted in the above exception, the court decreed this "was the homestead of said parties, and assigned to the defendant, Mattie L. Arthur, the use and occupancy of said property for and during her natural lifetime, and awarded to plaintiff herein compensation therefor, and the defendant herein is entitled to the use and occupancy of the same during her natural lifetime, and in case of the sale of said property or the same being assigned by the referee, to be herein appointed, to the plaintiff or the defendant, that said sale or assignment of said property shall be subject to the life interest of the defendant in said property." The court directed a partition of the real estate pursuant to plaintiff's prayer and ordered an accounting generally as between the parties. Defendant has appealed.

April 12, 1916, a quitclaim deed, under that date, which describes the real estate mentioned in paragraph number two of the petition, was executed by John G. Arthur and his then wife, Mattie L. Arthur, as grantors, and delivered to Henry A. McCord, who was named as grantee therein. One dollar is named as the consideration. Immediately following the numerical description of all the lands involved herein, the above deed of conveyance concludes with this language in the habendum clause, namely: "Together with all and singular the hereditaments thereunto belonging; to have and to hold the above described premises unto the said Henry A. McCord, his heirs and assigns, so that neither they, the said parties of the first part, nor any person in their name and behalf, shall or will thereafter claim or demand any right or title to the said premises, but they and every one of them shall by these presents be excluded and forever barred."

On the same day, namely, April 12, 1916, Henry A. McCord and Helen C. McCord, his wife, made, executed and

delivered to John G. Arthur and Mattie L. Arthur, grantees, then husband and wife, as above noted, all of the land involved herein, being the same land described in the conveyance from the Arthurs to the McCords. One dollar is the consideration named in this deed. In the granting clause the deed provides for the conveyance of the land "unto the said parties of the second part (the Arthurs), and to the survivor of them, and his or her heirs and assigns forever." The habendum clause concludes with this language, namely: "Together with all and singular the hereditaments thereunto belonging; to have and to hold the above described premises unto the said John G. Arthur and Mattie L. Arthur, husband and wife, and the survivor of them, and his or her heirs and assigns, so that neither they, the said parties of the first part, nor any person in their names and behalf, shall or will hereafter claim or demand any right or title to the said premises, or any part thereof, but they and every one of them shall by these presents be excluded and forever barred."

John G. Arthur, the plaintiff, died about ten years thereafter, namely, on or about March 31, 1926. His former wife survives him, so that the sole question now before us is to determine whether John G. and Mattie L. Arthur were joint tenants while plaintiff lived, and, if they bore this relation each to the other, does Mattie L. Arthur, under the law and the decisions, succeed to the title under the right of survivorship? What meaning shall be placed on the granting clause and the habendum clause under the deed of conveyance from the McCords to the Arthurs? What significance attaches to the language of the granting and the habendum clauses as they relate to the right of survivorship?

Section 58, ch. 43, Laws 1866, was enacted by our territorial legislature and was "in force July 1, 1866." The act follows:

"In the construction of every instrument creating or conveying, or authorizing or requiring the creation or conveyance of any real estate, or interest therein, it shall be the

duty of the courts of justice to carry into effect the true interest (intent) of the parties, so far as such intent can be collected from the whole instrument, and so far as such intent is consistent with the rules of law."

This territorial statute, except for a comma which makes no change in its meaning, is now section 5594, Comp. St. 1922.

With this statute as our guide, and under our decisions, it clearly appears to us that, John G. Arthur having died, the deed of conveyance from the McCords to the Arthurs contemplates a joint tenancy, with right of survivorship in Mattie L. Arthur. In *Sanderson v. Everson,* 93 Neb. 606, language very similar to that used in the present case was used in the deed of conveyance, and we there held that the right to create title in real estate by joint tenancy, with right of survivorship, when clearly and definitely expressed in the conveyance, has never been abridged in this state, and that where a deed was made to a husband and wife as joint tenants, with right of survivorship, we held that this clearly expressed the intention of the parties to the conveyance to create a joint tenancy wherein the survivor should take the full title conveyed upon the death of the other. It appears to us that in the present case, as pointed out in the cited *Sanderson* case, no reasonable doubt can remain that the intention of the parties to the deed before us was to create a joint tenancy, with the right of survivorship.

In *Albin v. Parmele,* 70 Neb. 740, Judge Ames, in the construction of a will, said: "The first thing to be done is to ascertain, if possible, and unvexed by legal technicalities, the intent of the testator, as expressed, or attempted so to be." And the rule is equally applicable, of course, in the construction of the conveyance in suit. Judge Sullivan, in *Weller v. Noffsinger,* 57 Neb. 455, gave expression to a like statement.

Section 5594, Comp. St. 1922, has often been cited by this court and commended for its beneficent intent. In *Benedict v. Minton,* 83 Neb. 782, in construing the act in ques-

tion, we said: "Acting in conformity with the liberal spirit of the statute, we have refused to be bound by highly technical rules of construction with reference to conveyances of real estate, but give to each word and sentence in those documents such significance as will carry into effect the true intent of the parties thereto."

In *Schulz v. Brohl,* 116 Mich. 603, the court held: "Under a deed to two persons, 'to them and the survivor of them, parties of the second part,' the grantees take each a moiety for life, with remainder to the survivor in fee, although the grant, in terms, is 'to the parties of the second part, and to their heirs and assigns.' "

On this subject the following cases from other states, which fairly support our view, may be consulted with profit:  *Lewis v. Baldwin,* 11 Ohio, 352;  *Finch v. Haynes,* 144 Mich. 352.

"As a general proposition, estates given to two or more trustees will be held by them as joint tenants, and will go to the survivor, nor will the heirs of any but the survivor be entitled to hold any interest in the joint estate. * * * Thus deeds and devises are often made to two or more, and to the survivor of them and his heirs, the effect of which is to make them joint tenants for life, with a contingent remainder in fee to the one who survives."  1 Washburn, Real Property (6th ed.) sec. 866.

No inference can reasonably be drawn from the execution of the conveyances other than that it was the expressed intention of the Arthurs that the right of survivorship was the controlling consideration.  True, we have a statute which forms a part of the chapter on partition of real estate which contains these provisions:

"When the object of the action is to effect the partition of real property among several joint owners, the petition must describe the property, and the several interests and estates of the several joint owners thereof, if known.  All tenants in common, or joint tenants of any estate in land may be compelled to make or suffer partition of such estate

or estates in the manner hereinafter prescribed." Comp. St. 1922, sec. 9238.

This, however, is a suit in equity, and the course of the transfers herein brings the facts within a fundamental principle of equity that must be recognized by the courts. The conveyances disclose a mutual agreement between the parties to create an estate of survivorship. In view of the facts and the law, we therefore hold that the present case comes within the scope of the rule for which the statute appears plainly to provide, and to which we adhere. To hold otherwise would be to set aside the voluntary agreement entered into by the Arthurs as evidenced by the conveyances in suit. The defendant's prayer is solely for that which the law gives to her and to which she is clearly entitled.

Counsel for the beneficiaries, under the will of John G. Arthur, have submitted able arguments in support of their contention. But, under the act and by our decisions, and by the weight of authority, we decline to adopt their theory, and hold that it is not applicable to the facts before us.

"Where a cause is fairly within the law authorizing a partition, the right to partition is imperative and absolutely binding upon courts of equity. In such a case the right of partition is a matter of right and not of mere grace." *Oliver v. Lansing,* 50 Neb. 828.

When a joint tenancy exists, each joint tenant is entitled to a partition of the estate that continues during the life of all of the tenants, and if there are but two joint tenants, on the death of one, the entire estate goes to the survivor. The trial court erroneously ordered a partition of the fee. Since, pending the appeal, the plaintiff has departed this life and the fee has vested in defendant, it follows that there remains no estate to partition.

The judgment is reversed and the cause is remanded to the district court, with directions to dismiss the action.

REVERSED.