EDWARD WILLIAM OLANDER, APPELLANT, V. CITY OF OMAHA, APPELLEE.

6 N. W. (2d) 62

FILED OCTOBER 30, 1942. No. 31458.

D. O. *Dwyer* and *W. L. Dwyer*, for appellant.

*Harold C. Linahan, W. W. Wenstrand, G. H. Seig* and *Edward Sklenicka, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, MESSMORE and YEAGER, JJ.

MESSMORE, J.

Plaintiff brought this action, claiming one-half interest in property described in his petition. The city of Omaha, by condemnation proceedings, condemned the property, gave no notice to plaintiff, nor made him a party to such proceedings. In the condemnation proceedings an award of $1,740.27 was made to Carl Walter Olander, Bernice Olander, and the Byron Reed Company, as their interests may appear. Plaintiff alleges that the property was purchased by him and his brother, Carl Walter Olander, March 1, 1937,

for the sum of $950, the plaintiff paying $500 in cash, the balance of $450 being represented by a mortgage to the Byron Reed Company, which was to be paid in monthly instalments by Carl Walter Olander as his interest in the property, and he was to pay the taxes and assessments thereon, as he was occupying the premises as his home; that, notwithstanding the condemnation proceedings and the award thereunder are null and void and without force and effect so far as plaintiff is concerned, "he hereby elects to ratify the amount of said award" and claims of defendant city the amount of $870.13, half of the appraised value of the property, for which he prays judgment. The plaintiff asked leave in open court to amend the petition by interlining after the word "ratify" the following, "the amount of," thereby making the petition read "hereby elects to ratify the amount of said award." The answer is a general denial.

The record discloses a warranty deed vesting the entire title in the survivor, showing that the property was conveyed to Carl Walter Olander and Bernice Olander, husband and wife, and Edward William Olander, as joint tenants and not as tenants in common. Then the real estate is described, and it is provided:

"It being the intention of all parties hereto, that in the event of the death of either of said grantees, the entire fee simple title to the real estate described herein shall vest in the surviving grantee.

"To have and to hold the above described premises * * * unto the said grantees as joint tenants, and not as tenants in common * * * ."

There is evidence in the record, which was objected to, that the plaintiff paid $500 in cash for the premises and that his brother agreed to pay the Byron Reed Company $450 or more, in monthly payments, with interest, and to pay the taxes, for the reason that he was living on the premises. The record discloses a mortgage to the Byron Reed Company, from whom plaintiff purchased the property, dated March 1, 1937, given by Carl Walter Olander and Bernice Olander, husband and wife, and Edward William

Olander, single, in the amount of $450, signed by Carl Walter Olander and Bernice Olander and the plaintiff, Edward William Olander.

The court found that the plaintiff was a joint tenant with Carl Walter Olander and Bernice Olander, and that he had an undivided one-third interest in and to the real estate only; gave him no interest in the improvements, and found that $1,250 constituted the appraiser's award on the real estate and $550 on the improvements, and further found that the plaintiff was jointly liable with his cotenants on the mortgage in favor of the Byron Reed Company to the extent of $233.62, and that said sum was paid to the mortgagee from the proceeds of the award, and that one-third thereof should be deducted from the plaintiff's interest in and to the real estate, making a finding for the plaintiff in the sum of $339. From this order and judgment the plaintiff appeals.

The record is void of evidence as to who placed the improvements on the premises. There is a statement in the record that the plaintiff did not pay for the improvements, and there is nothing to show that Carl Walter Olander or his wife paid for them. In any event, there is insufficient evidence upon which the court could base a finding that the plaintiff was not entitled to share to the extent of at least one-third interest in the improvements. The authorities cited by the defendant city are not in point, viz.: In the case of *Nelson's Heirs v. Clay's Heirs,* 7 J. J. Marsh. (Ky.) * 138, the court held: "In partition between joint tenants, or tenants in common, one having entered upon the land and improved it, he will be protected by the court, and his improvements assigned to him if practicable—making no allowance in division for the enhanced value of the land." And in *Campbell v. City of New Haven,* 101 Conn. 173, 125 Atl. 650, the court held: "If one erects improvements upon land which he occupies under actual or apparent authority and which is thereafter condemned for public purposes, he and not the owner of the land is entitled to compensation for the value of the improvements." It is clear the facts in the two

cases above are distinct and different from those in the case at bar, and the holdings therein are not applicable.

We conclude that under the circumstances of the instant case the plaintiff is entitled to one-third of the amount awarded for the improvements. This holding dispenses with plaintiff's contention with reference to the admissibility of testimony of an affirmative defense under a general denial.

It is clear that the deed is one of joint tenancy. In this connection, the elements of joint tenancy have been established; the deed discloses a unity of interest, a unity of title, a unity of time and a unity of possession. There is no evidence in the record to show that any of the elements in such estate are lacking; the deed is the competent proof of the plaintiff's interest, and an instrument that he is not privileged, by oral testimony, to modify or vacate under the circumstances as here presented.

In *Sanderson v. Everson,* 93 Neb. 606, 141 N. W. 1025, this court held: "While as between joint tenancies and tenancies in common the law prefers the latter, yet, if the purpose to create a joint tenancy is clearly expressed in a deed of conveyance of real estate, the law will permit the intention of the parties to control, and a joint tenancy with right of survivorship will be created." And this court has said that the right to create title in real estate by joint tenancy, when clearly and definitely expressed in the conveyance, has never been abridged in this state. See *Arthur v. Arthur,* 115 Neb. 781, 786, 215 N. W. 117.

We conclude that the court was correct in holding the plaintiff was a joint tenant and, as such, entitled to one-third of the award.

The contention is made with reference to the language of the petition, as herein set out, in so far as it applies to ratification, that the plaintiff did not in his petition ratify the taking, but merely accepted the amount of the award as a measure of the value of his interest in the property; nor is the acceptance of the amount of the award, as a measure of the value of the property, a ratification of one part of an un-

authorized act and a rejection of another part. The plaintiff has merely sued for damages for the trespass, and taken as the measure of his damages one-half of the value of the award. Whether or not the city, by negligence or inadvertence, eliminated the plaintiff is beside the question, under the circumstances. In order to participate in the distribution of the award, it is apparent, by the plaintiff's petition, that he must have intended to ratify the proceedings in condemnation.

The common legal definition of "ratify" is applicable: "To approve and sanction; to make valid; to confirm; to give sanction to." Black's Law Dictionary (3d ed.) p. 1496, and cases cited. " 'Ratify' * * * means to approve and sanction, to authorize, to confirm, to make valid." *Corbin Supply Co. v. Loftis,* 50 Ga. App. 309, 178 S. E. 185; 36 Words and Phrases (Perm. ed.) p. 138.

We conclude the plaintiff ratified the condemnation proceedings with the intent to assert his interest in the property as being one-half, and to obtain that one-half interest from the distribution of the proceeds of the award. The right of the court to make a deduction from the proceeds as against the joint tenants, as disclosed by the mortgage to the Byron Reed Company, cannot be seriously questioned. Suffice it to say that the plaintiff signed the mortgage as a party thereto and is bound thereby, and this instrument cannot be modified by oral testimony of the plaintiff as to what he claims his interest in the real estate to be.

That part of the judgment wherein the trial court held the plaintiff to be a joint tenant with Carl Walter Olander and Bernice Olander in the premises, and that part of the judgment making distribution for the amount of the mortgage due the Byron Reed Company, are affirmed. That part of the judgment in which the court denied plaintiff the right to participate in a distribution of the amount of the award for the improvements is reversed, and plaintiff is adjudged to be entitled to one-third interest in the improvements.

AFFIRMED IN PART AND REVERSED IN PART.