In re Estate of Rosie Ellen Vance, deceased. James Callaway et al., appellants, v. Robert L. Vance et al., appellees.

30 N. W. 2d 677

Filed January 23, 1948.    No. 32328.

*A. A. Rezac,* for appellants.

*Tyler & Frerichs,* for appellees.

*T. Simpson Morton,* pro se.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and LIGHTNER, District Judge.

CHAPPELL, J.

This action, prosecuted by proceedings in error from final decree of the county court to the district court and from an affirmation thereof appealed by plaintiffs in error to this court, involved the ownership and lawful disposition of 20 shares of American Telephone and Telegraph Company stock in the ancillary administration of the estate of Rosie Ellen Vance, deceased.

Plaintiffs in error, brothers and sisters of deceased, and defendant in error, Robert L. Vance, her husband, the qualified domiciliary administrator of her estate in the Superior Court of King County, Washington, were her heirs at law. Defendant in error, T. Simpson Morton, was the qualified ancillary administrator. Defendant in error, Varro E. Tyler, was attorney in fact for Robert L. Vance. For convenience hereinafter, wherever possible, plaintiffs in error will be designated as plaintiffs, and defendants in error as defendants.

In conformity with appropriate pleadings filed by the parties in the ancillary proceedings, and after various hearings on the merits of the issues presented thereby, whereat evidence was adduced, the county court ulti-

mately entered its final decree finding generally in favor of defendants and against plaintiffs.

Therein, among other things, the final report of the ancillary administrator was approved and allowed. The decree also found in substance that one share of stock, inscribed in the name of decedent only, was an asset of her estate and subject to distribution under the laws of Nebraska for payment of costs and expenses of administration, there being no state or federal inheritance taxes due, or claims filed in the proceeding. The ownership and disposition of that share were not questioned by plaintiffs. The decree found that the shares of stock were personal property and that the disposition thereof was governed by the laws of the State of Washington under the orders of the domiciliary court therein. It also found that the remaining 19 shares of stock primarily involved in this proceeding were owned by Rosie E. Vance, deceased, and her husband, Robert L. Vance, as joint tenants with right of survivorship and not as tenants in common, as claimed by plaintiffs. In conformity with its findings, the county court ordered and decreed that the ancillary administrator should deliver the 19 shares of stock inscribed in the names of the joint tenants to the attorney in fact for Robert L. Vance, administrator of the estate of the deceased, under the jurisdiction of the Superior Court of King County, Washington.

The administrator did not appeal or prosecute error therefrom, but plaintiffs filed in the district court a petition in error, together with a transcript of the proceedings in the county court. Answers of defendants perfected the issues. After a hearing on the merits, the district court found generally in favor of defendants, found that the transcript disclosed no error prejudicial to plaintiffs, and entered its decree affirming the county court. Plaintiffs' motion for new trial was overruled, and they appealed to this court. The bill of exceptions filed in this court consists solely of the transcript of

the pleadings and proceedings in the county court, together with relevant stipulations of counsel therein.

Plaintiffs, in their brief, assigned 12 alleged errors of the trial court. However, some of them were not discussed in the brief, and in conformity with Rules, Supreme Court, § 8a (4), consideration will be limited to only those discussed.

As summarized, they were: (1) The trial court erred in affirming the county court's appointment of a disinterested ancillary administrator, rather than one of the heirs, as petitioned by the plaintiffs; (2) erred in affirming the county court's holding that the 19 shares of stock were owned by Rosie E. Vance and Robert L. Vance as joint tenants, with right of survivorship, and not as tenants in common; (3) erred in affirming the overruling of plaintiffs' demurrer to the reply of Robert L. Vance and holding on the merits that the laws of Washington, domicile of the deceased, governed the descent and distribution of the shares as personal property; and (4) that the decree affirming the county court was contrary to the evidence and the transcript of the proceedings. We conclude that plaintiffs' assignments cannot be sustained.

As stated in In re Estate of Berg, 139 Neb. 99, 296 N. W. 460: "In an error proceeding in the district court, that court must look to the transcript of the proceedings of the county court filed with the petition in error to ascertain what happened there." Such a proceeding is ordinarily tried on the appropriate and relevant questions of law, set out in the petition in error and appearing in the transcript. 4 C. J. S., Appeal and Error, § 12, p. 74; 3 C. J., Appeal and Error, § 14, p. 305; Dame, Probate and Administration (2d ed.), § 488, p. 815.

It is elementary that in error proceedings from the county court to the district court, and upon appeal from the district court to this court, error cannot be predicated on the insufficiency of the evidence as a matter

of law to support the findings and judgment of the court from which error was prosecuted, unless all the material relevant evidence was preserved in a bill of exceptions. In such a situation, it will be presumed by the district court and this court, that the evidence adduced in the county court was sufficient to sustain the findings of fact made in its decree. In other words, when a question of the sufficiency of the evidence to sustain the decree upon any finding or adjudication therein is involved in error proceedings, the findings and judgment of the lower court should be affirmed by the district court and by this court upon appeal therefrom, when all of the material relevant evidence with reference thereto is not contained in the bill of exceptions, and the transcript fails to disclose any error prejudicial to the party prosecuting error proceedings therefrom. 4 C. J. S., Appeal and Error, § 12, p. 75; 3 C. J., Appeal and Error, § 15, p. 307; Patterson v. Kerr, 127 Neb. 73, 254 N. W. 704; Gilmore v. State, 148 Neb. 10, 26 N. W. 2d 296.

Viewing the record in that light, we conclude that the first and second assignments of error, above set forth, have no merit. The first does not require further discussion. The second requires elaboration.

In that connection, plaintiffs argued that the question whether the 19 shares were held as joint tenants or as tenants in common, should have been governed by the laws of Hawaii, where the order therefor was executed by Rosie E. Vance. The answer thereto is that in the absence of pleadings and proof to the contrary, the statutes and laws of a sister state or territory are presumed to be the same as those of this state. First State Bank of Herrick v. Conant, 117 Neb. 562, 221 N. W. 691; Stark v. Olsen, 44 Neb. 646, 63 N. W. 37.

Further, we have examined the Hawaiian authorities relied upon by plaintiffs, which disclose that they were based upon a statute not affirmatively shown to have been either pleaded or proved in the county court. As

a matter of fact, however, such authorities in effect adhere to the same rule as that followed in this jurisdiction. This court has held that: "While as between joint tenancies and tenancies in common the law prefers the latter, yet, if the purpose to create a joint tenancy is clearly expressed in a deed of conveyance of real estate, the law will permit the intention of the parties to control, and a joint tenancy with right of survivorship will be created." Sanderson v. Everson, 93 Neb. 606, 141 N. W. 1025; Olander v. City of Omaha, 142 Neb. 340, 6 N. W. 2d 62.

It is now generally recognized also that: "Joint tenancy originally applied only to interests in lands, but, subject to statutory modification, it is now generally applied, with all its rights and incidents, to personalty as well, whether a chose in possession or merely in action." 33 C. J., Joint Tenancy, § 8, p. 906. This court has specifically held that: "The relation of and estate of joint tenancies may be created in any kind of personal property that is subject to be held in severalty." In re Estate of Johnson, 116 Neb. 686, 218 N. W. 739.

It was affirmatively alleged in the pleadings of all the parties that the two certificates for the 19 shares each had inscribed on their face that they were owned by Rosie E. Vance and Robert L. Vance, as joint tenants with right of survivorship. There is a stipulation in the record with reference to the authenticity of a written order for the issuance and delivery to one of the plaintiffs at Unadilla, Nebraska, of the certificate representing 17 shares, which order plaintiffs argued conclusively established that they were held as tenants in common. The stipulation was that the order "may be introduced and received by the court in evidence" but the record does not affirmatively disclose that it ever was so introduced and received.

However, we have examined the stipulation and the order, and deem it sufficient to say in any event that

in the absence of any other material relevant evidence in the bill of exceptions, it would be insufficient to establish that the court's findings were erroneous. We conclude that the decree of the trial court affirming the judgment of the county court, finding that the 19 shares were held as joint tenants with right of survivorship, should be sustained.

Plaintiffs, in conformity with the third assignment of error, argued that the laws of Nebraska rather than the laws of Washington should govern the descent and distribution of the shares within the State of Nebraska, and that the county court and district court erroneously held otherwise. Under the circumstances presented, as will be hereinafter observed, that contention ultimately became simply an abstract question of law, which this court should not discuss or decide.

The authority of an ancillary administrator is complete and distinct over all the assets of the estate within the confines of this state. He is governed by the laws of this state, and the orders and decrees of the court appointing him, and all questions arising in regard to his rights, powers, and liabilities must be determined according to the laws of this state and the courts thereof. Dame, Probate and Administration (2d ed.), § 267, p. 411.

The shares involved, having come into the possession of the ancillary administrator with their ownership in dispute, it was his right and duty, as was done by him, to make application for directions from the county court concerning the lawful possession and ownership thereof, and the county court had the power and authority to give and enforce its directions with reference thereto. In re Estate of Nilson, 126 Neb. 541, 253 N. W. 675. Therefore, the decree of the county court with reference to that matter was a final adjudication.

We call attention to the fact that the one share, held in the name of the deceased and a part of her estate, was ordered sold, and as affirmatively disclosed by the record, the proceeds therefrom, $162.22, were lawfully

used and consumed by order of the county court in payment of costs and expenses of administration. It is not contended otherwise.

That left in the proceedings only the 19 shares rightly held to have been owned as joint tenants with right of survivorship. They were appropriately ordered delivered to the attorney-in-fact for the survivor. Therefore, there were no remaining or residual assets in the estate within the State of Nebraska subject to descent and distribution under the laws of either Nebraska or Washington.

The question of whether the laws of Nebraska or Washington controlled the descent and distribution of the shares or the income therefrom could only have arisen had there been a surplus or residue remaining in the estate from the proceeds of the one share, or if the other 19 shares had been owned as tenants in common.

Neither of such alternatives having occurred, the finding of the county court that the laws of the domicile of the deceased controlled the descent and distribution of the shares could not have been prejudicial in any manner to plaintiffs, and even if erroneous, would not require reversal. Rider v. Lawritson, 65 Neb. 1, 90 N. W. 951.

For the reasons heretofore stated, we conclude that the judgment of the district court was not contrary to the evidence and transcript of the proceedings. It should be and hereby is affirmed.

AFFIRMED.