[Civ. No. 16644. Second Dist., Div. Two. Nov. 19, 1948.]

Estate of AUGUSTUS L. DAVIS, Deceased. MARGARET A. CLOUD, Appellant, v. EDNA GARDNER et al., Respondents.

George E. Cloud and S. Arion Lewis, Jr., for Appellant.

John K. Otis for Respondents.

WILSON, J.—By a deed executed May 4, 1920, the real property in question in this proceeding was conveyed to Bertha C. Davis and Augustus L. Davis, her husband, as joint tenants. Bertha passed away in April, 1926. Augustus died intestate in November, 1946, leaving no issue and no surviving spouse.

Appellant is the surviving sister of Augustus and his only heir at law. Respondents are the sole surviving lineal descendants of Bertha. The property covered by the deed was originally the separate property of Bertha.

In proceedings in the estate of Augustus to determine heirship pursuant to section 1080 of the Probate Code the trial court determined that the deed by which Bertha and Augustus acquired the property is a joint tenancy deed and adjudged that in accordance with section 229* of the Probate Code the property should go to respondents as the lineal descendants of Bertha, the predeceased spouse of Augustus. From that judgment appellant has appealed.

Three elements of the deed are commented upon in the briefs as having a bearing on its effect: (1) It names the grantees followed by the words "as Joint Tenants, with right of survivorship"; (2) in the granting clause it grants the property to the second parties "as Joint Tenants, and not as tenants in common, and *to the survivor of them, the heirs and assigns of such survivor* forever"; (3) the *habendum* reads "To Have and to Hold" unto the second parties "as Joint Tenants, and *to the survivor of them, the heirs and assigns of such survivor* forever."

Appellant contends that the italicized words in items (2) and (3) are inconsistent with joint tenancy and that the inclusion of those words in the deed created a tenancy in common. In each item the grantees are denominated as "joint tenants." ▇ In item (1) the words "with the right of survivorship" are superfluous. It is unnecessary to accompany the creation of a joint tenancy with a declaration respecting survivorship since survivorship is an incident of such tenancy and the quoted words add nothing to the effect of the deed. (*Hurley* v. *Hibernia S. & L. Soc.,* 126 Cal.App. 314, 322 [14 P.2d 574].) A joint tenancy is created by a deed to husband and wife "as joint tenants with fee to the survivor"; also

*Section 229. "If the decedent leaves neither spouse nor issue, and the estate or any portion thereof was separate property of a previously deceased spouse, and came to the decedent from such spouse by gift, descent, devise or bequest, or became vested in the decedent on the death of such spouse by right of survivorship in a homestead or in a joint tenancy between such spouse and the decedent, such property goes in equal shares to the children of the deceased spouse and to their descendants by right of representation, and if none, then to the parents of the deceased spouse in equal shares, or if either is dead to the survivor, or if both are dead, in equal shares to the brothers and sisters of the deceased spouse and to their descendants by right of representation."

by a deed to them "during their joint lives, as joint tenants and afterwards to the survivor in fee simple absolute." (*Swan* v. *Walden*, 156 Cal. 195, 197-8 [103 P. 931, 134 Am.St.Rep. 118, 20 Ann.Cas. 194].) In *Hart* v. *Nagasawa*, 218 Cal. 685 [24 P.2d 815], a deed was held to convey title in joint tenancy in which the granting clause granted to the grantees "and to their heirs and assigns forever" and the *habendum* was "unto the said parties of the second part, in joint tenancy, with full and absolute title to his or her, the last survivor of the said parties of the second part, and to the longest liver of the said parties of the second part, and to his or her heirs, administrators or assigns forever."

Likewise the expression in item (2) "and not as tenants in common" is unnecessary and merely emphasizes the intent to create a joint tenancy. The conveyance having been to the grantees as joint tenants, they could not have been tenants in common, and the quoted words may be eliminated from consideration. The italicized words in items (2) and (3) are also superfluous. Eliminating the unessential, supererogatory words the deed is an ordinary joint tenancy deed under which the surviving grantee became the owner in fee of the property upon the death of the other grantee and the title passed to the persons entitled thereto by law upon the death of the last survivor intestate.

Appellant's contention that the fee title did not vest in the grantees during their joint lives and that, quoting from her brief, the deed by its "language creates in the grantees a joint life estate with a contingent fee in remainder to the one of the grantees who survives," is not sustained by the cases cited. In none of those cases did the deed under discussion use the words "joint tenants" or "joint tenancy." In *Lewis* v. *Baldwin*, 11 Ohio 352, 355, the deed conveyed title to husband and wife, "to them jointly, their heirs and assigns, and to the survivor of them, his or her separate heirs and assigns." The wife predeceased her husband. Held, that "the deed gave a joint estate to the husband and wife, during their lives, and a grant over to him, as survivor, of the entire estate." In *Schultz* v. *Brohl*, 116 Mich. 603 [74 N.W. 1012], the deed was ambiguous. It was in favor of two persons. In the premises the names of the grantees were followed by the words "to them and the *survivor* of them, parties of second part," but the granting clause granted and confirmed to them "and their *heirs and assigns*, forever," and the *habendum* contained the same words. The court said if only the grant-

ing clause were considered the deed created a tenancy in common and that a moiety passed to each grantee, but in the premises "it is clear that the conveyance is made to [the grantees] and to the survivor of them." Solving the ambiguity the court held that the intent was to convey a moiety to each of the parties for life, with remainder to the survivor in fee. In *Finch* v. *Haynes*, 144 Mich. 352 [107 N.W. 910, 115 Am.St. Rep. 447] the grantees took under a deed in which their names in the premises were followed by the words "and the survivor of them." The granting clause was to them "and the survivor of them, and to their heirs and assigns, forever." Identical words were in the *habendum*. This case holds that the deed granted a moiety to each grantee for life with remainder to the survivor in fee simple of the entire estate and that neither grantee could, by a conveyance of his interest, defeat the contingent remainder. But in *Arthur* v. *Arthur,* 115 Neb. 781 [215 N.W. 117], an action for partition, also relied on by appellant, similar expressions were differently construed. The granting clause of the deed conveyed the property to the grantees "and to the survivor of them, and his or her heirs and assigns forever," and the *habendum* read "to have and to hold" unto the grantees "and the survivor of them, and his or her heirs and assigns." The court held that the deed contemplated a joint tenancy with the right of survivorship—that "it was the expressed intention of the Arthurs that the right of survivorship was the controlling consideration" and one grantee having deceased the entire estate vested in the survivor and there was no estate to be partitioned.

Appellant bases her argument on the words in the deed in question in the instant case which we have italicized but she disregards as if they were nonexistent the words expressed three times in the deed "as joint tenants." Section 1105 of the Civil Code reads: "A fee simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended." A joint tenancy is created in the manner prescribed in section 683 of the Civil Code "when expressly declared in the will or transfer to be a joint tenancy."

Since the language of the deed is clear and the intent of the parties unmistakable, title passed to Mr. Davis upon the death of his wife, and, since the property was originally her separate estate, at his death title vested in the lineal

descendants of Mrs. Davis as provided in section 229 of the Probate Code.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 17, 1949.